ANTONIO RIERA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 1078. Submitted November 15, 1940.—Decided November 30, 1940.

*Antonio Riera, in pro. per.,* for appellant. The registrar did not appear.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The Collector of Internal Revenue of Río Piedras sold at public auction a rural property for taxes due by the Heirs of Harry A. McCormick. The property was awarded to Antonio Riera, appellant herein, to whom a certificate of sale was issued on September 28, 1939, which was recorded in his favor on October 31 of the same year.

After a year had elapsed from the date of the certificate of sale without any interested person having exercised the right to redeem, the immovable, on October 23, 1940, the appellant presented in the Registry of Property of San Juan, Second Section, a sworn petition requesting the cancellation of two *lis pendens* notices which affected the property awarded to the petitioner-appellant. In the first of said notices mention was made of the filing of a certain action for nullity and other relief against some of the members of the McCormick Succession. The second notice, entered on May 22, 1931, refers to the suit brought, in the district court, by Guadalupe McCormick Anaya and others against the Heirs of Harry A. McCormick, to set aside the will of the decedent as inofficious and for declaration of heirship.

The adverse decision from which the present appeal has been taken reads as follows:

"The cancellation prayed for in affidavit 1089 of the 23d instant, executed before Notary Edelmiro Martínez Rivera, is denied and in lieu thereof a cautionary notice is taken for 120 days in favor of Antonio Riera Bengoechea, at folio 245 back, volume 66 of Río Piedras, property No. 2,876, first, because it is not sought to cancel an attachment or a mortgage, which was what the lawmaker had

in mind (*Colón* v. *Plazuela Sugar Co.*, 47 P.R.R. 827, 837, and *Baetjer* v. *Registrar*, 52 P.R.R. 533) but the right which the plaintiff has to secure his claim, as provided for in section 91 of the Code of Civil Procedure, in force since 1904, whereas section 352 of the Political Code which the petitioner cites has been in force long before that; second, because the Hon. Supreme Court in the case of *Fernández* v. *Registrar*, 52 P.R.R. 344, held that the cancellation of a notice of *lis pendens* 'may be readily obtained, of course, whenever the suit is ended' and that 'until then it must remain in force unless a cancellation thereof be ordered by the court,' which very clearly indicates how a *lis pendens* notice must be canceled, and it added 'that the registrars of property are not authorized to cancel notices of *lis pendens* under section *b* of Act No. 12, 1923'; third, because the plaintiffs, who recorded their right, were notified through the newspaper *'La Democracia,'* their whereabouts being unknown, without there being shown or even stated that compliance was had with the provisions of section 94 of the Code of Civil Procedure, which prescribe the steps that must first be taken, that is, the fact of the absence from the Island of the person who is to be summoned, in order that the corresponding edicts may then be published; fourth, because, as has been decided by the Hon. Supreme Court (*Velázquez* v. *Registrar*, 27 P.R.R. 250), section 42 of the Mortgage Law and section 91 of the Code of Civil Procedure are perfectly consistent with each other and said entries can only be canceled in accordance with section 82 of the Mortgage Law, by a judicial order, by a judgment in favor of the plaintiff, or when the latter abandons the suit (subdivision 2, section 140 of the Regulations for the execution of the Mortgage Law, and *Franco* v. *Registrar*, 12 P.R.R. 207); fifth, because although a *lis pendens* notice does not alter the nature of the obligation for the security of which it is entered, it guarantees the fulfillment thereof so that it necessarily carries with it a prohibition against alienation to the prejudice of the right of the person in whose favor said entry may have been made, a prohibition which was absolute before the Mortgage Law went into effect (Judgment of November 14, 1874, 30 *J. C.* 690); sixth, because the two marginal entries, whose cancellation is sought, refer to a suit or proceeding for the annulment of a will as inofficious, where prayer is made for the annulment of the designation of the heirs of Harry A. McCormick and for the award of the estate (of which the property in question forms a part) to the plaintiffs as natural children

of the testator, except such legacies as may not be inofficious, it appearing from the entry of August 6, 1935, that an appeal in said suit is now pending before the Hon. Supreme Court, and it would be illusory for the plaintiffs that the right which they timely recorded should be canceled when their claim is still pending determination, and by the entry of January 14, 1938, which preceded the auction sale, the pendency of said suit is again recorded; seventh, because the purchaser at the auction sale had knowledge of the condition of the property when he bid at said sale, for the entries are dated December 4, 1930, and May 31, 1931, and, therefore, there is not involved an encumbrance or lien subsequent to the advertisement of the public sale of the property, in which case the cancellation would lie through the application of the provisions of section 125 of the Mortgage Law, 'if the value of what is sold or awarded does not equal or exceed the debt which is liquidated,' but never to a prior lien in such a manner that if an offer is not made of an amount sufficient to pay all prior recorded credits the sale must be declared void (4th paragraph, section 128 of the Mortgage Law); eighth, because the only decision which we have been able to find thus far directs the registrar to cancel *subsequent* liens (italics ours) where after a property is sold for taxes (*Márquez* v. *Registrar*, 11 P.R.R. 257) there may be applied by analogy the provisions of section 125 of the Mortgage Law; ninth, because the freedom from liens, as aptly stated in the decision in the case of *Baetjer* v. *Registrar* (52 P.R.R. 533), 'does not extend to servitudes, which are encumbrances of a different nature from that which the registrar had in mind when enacting section 347 of the Political Code,' which shows, without any doubt, that the provision of the Political Code to the effect that the property should be delivered to the purchaser at the public sale free from all liens must not be literally interpreted.''

The petition for cancellation filed by the appellant is based on the provisions of the second paragraph of section 347 of the Political Code, which we copy below:

''Section 347.—

''If the right of redemption hereinafter provided for is not exercised within the time prescribed, *said certificate,* when recorded in the office of the registrar of property of the district in which the property is situated, *shall vest the title* to said property *absolutely* in said purchaser, *free from all mortgages, liens or other encumbrances. . . .*'' (Italics ours.)

The language of the statute is so clear that it is not possible to entertain any doubt as to the intention of the lawmaker. The latter was not content with merely stating that the certificate of purchase, issued to the purchaser of real property sold at public auction for nonpayment of taxes, when recorded in the registry shall constitute an *absolute title* to the property; but he went further and said that the absolute title which he had in mind was one *free from all mortgages, liens or other encumbrances.*

 Are the *lis pendens* notices whose cancellation is involved herein encumbrances or liens within the purview of the statute which grants to the purchaser an absolute title? They are, in our judgment.

Section 91 of the Code of Civil Procedure, in pursuance of which said entries were made, provides:

"Section 91.—In *an action affecting the title or the right of possession of real property,* the plaintiff at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property affected thereby. From the time of filing such notice for record only shall a purchaser or incumbrancer of the property affected thereby be deemed to have constructive notice of the pendency (of the action, and only of its pendency) against parties designated by their real names." (Italics ours.)

It is unquestionable that when the action brought affects the title or the right of possession of real property and the notice of the pendency of the action is recorded in the registry, a person who acquires the title or a lien upon the property, subsequent to the date of the presentation of the notice, lacks the character of a third person and his title or lien is subject to the outcome of the suit to which the notice refers. If the appellant herein had acquired the property

by purchase from its owners, according to the registry, his legal situation would be different from that which he occupies in the present appeal.

The People of Puerto Rico has a preferred legal lien for the collection of the taxes assessed for the current fiscal year and for the three prior fiscal years on each immovable. Said lien "shall be prior to all other liens whatsoever on said property, whether the said liens attach before or after the lien of said taxes." (Section 315 of the Political Code, sections 1823 and 1824 of the Civil Code and section 1 of Act No. 14 of August 24, 1933, Session Laws, (2) p. 76.) Every mortgage creditor when recording his mortgage and every plaintiff when entering his notice of *lis pendens* knows that his rights are subject to the preferred statutory lien in favor of the Insular Treasury, and that the only way in which he can protect those rights is by paying the taxes due for the last three years and for the current year, or by redeeming the property before the expiration of the term for redemption.

If, as provided by section 347 of the Political Code, *supra,* the title obtained by a purchaser at a public sale for the collection of taxes is an absolute title and free from all mortgages, encumbrances or any other lien, it is natural that the cancellation of any mortgage, encumbrance, or lien recorded in the registry is proper, irrespective of the date on which they may have been recorded. It was so held by this Supreme Court in *Márquez* v. *Registrar,* 11 P.R.R. 257. The respondent cites that case as authority for his contention that the registrar is only authorized to cancel *subsequent* liens, such subsequent liens being only those which appear recorded subsequent to the notice of attachment entered in the distraint proceedings. Such a contention, in our judgment, is untenable. The respondent, in advancing the same took no account of the fact that the statutory provisions, which we have cited, grant to the People of Puerto Rico a lien which is prior to all other liens "whatsoever on

said property, whether said liens attach before or after the lien of said taxes.'' In other words, where a sale in a distraint proceeding for the collection of taxes is involved, all liens and encumbrances appearing in the books of the registry are subsequent to the prior lien which the law establishes in favor of the Government. Otherwise, that lien could not be considered as a first and prior lien and the preference granted by section 315 of the Political Code would be meaningless.

The case of *Fernández* v. *Registrar,* 52 P.R.R. 344, cited by the respondent in support of his contention that the entry of a notice of *lis pendens* must continue in force until the termination of the suit, unless a cancellation thereof be ordered by the court, has been expressly overruled by this Supreme Court in the case of *Aguilar* v. *Registrar,* (*ante,* p. 598). In the opinion rendered in the latter case there was adopted as valid the doctrine laid down in the case of *Morales* v. *Registrar,* 40 P.R.R. 230, in which it was held that notices of *lis pendens* entered on the registry by virtue of judicial orders as well as those entered in accordance with section 91 of the Code of Civil Procedure may be canceled on application of an interested party and without the necessity of any judicial order, where the period of four years has elapsed since they were entered, unless said notices shall have for just cause been extended by order of the court where such cases are pending. (Section 388–A, Mortgage Law, Act No. 12 of August 29, 1923, Session Laws, (2), p. 36.)

The cancellations sought in the case at bar are not based on the expiration of the term of four years after the notices were entered on the registry. The legal basis for the petition is that the rights acquired by the plaintiffs in virtue of the two *lis pendens* notices had become extinguished by express mandate of the law. Section 315 of the Political Code.

The title acquired by the appellant can not be affected in any way by the outcome of the suits to which the notices of *lis pendens* refer, and therefore the cancellation of such notices would be proper. See subdivision 2, section 82 of the Mortgage Law.

As the taxes owed by the Heirs of McCormick constituted a first lien which burdended the property sold at public auction and acquired by the appellant, the latter, as purchaser, is entitled to have the property delivered to him free from all liens whatever their character and irrespective of the date on which said liens might have been recorded. It is the duty of the registrar to effect the cancellation of the liens without the necessity of any judicial order, and the certificate of sale issued by the collector of internal revenue in favor of the appellant purchaser and presented by the latter in the registry is a sufficient title for that purpose. Said certificate is a recordable authentic document of the kind comprised in section 3 of the Mortgage Law. See *Márquez* v. *Registrar, supra.*

The respondent registrar in his decision urges, among other grounds for his refusal, that the plaintiffs who recorded their *lis pendens* notices in the registry appeared to have been notified by publication, their whereabouts being unknown, "without there being shown or even stated that compliance was had with the provisions of section 94 of the Code of Civil Procedure, which prescribe the steps that must first be taken, that is, the fact of the absence from the Island of the person who is to be summoned in order that the corresponding edicts may then be published."

Section 315 of the Political Code provides that where real estate is attached and sold for the payment of taxes, the Treasurer of Puerto Rico shall notify all persons having a mortgage or other lien on said property of record of such sale. In said notice there shall be stated the date of the sale, the amount for which the property was sold, and such

other facts as the Treasurer may deem advisable. Nothing is said in the statute as to the form and manner in which the notices must be given. In the case at bar the certificate of the collector recites "that in accordance with the provisions of section 315 of the Political Code of Puerto Rico, this sale has been notified to .. . . . and to María McCormick, widow of Serrano, Guadalupe, Gabina, and Francisca McCormick, as the persons interested in this sale, or to their unknown heirs and assigns, by means of an edict published in the newspaper 'La Democracia' on September 21, 22, 23, 25, 26, and 27, 1939." The Treasurer of Puerto Rico was not bound to personally serve the notice on the persons named. We must presume that if such personal services had been possible the Treasurer would have made it instead of resorting to the more dilatory and expensive method of service by publication. Section 94 of the Code of Civil Procedure has no application to a distraint proceeding for the collection of taxes. As may be seen from a mere reading of its text, said section refers exclusively to the procedure which must be followed by a plaintiff in order to cite or summon the defendant by publication, when said defendant resides out of the Island, or has departed therefrom, or can not be found after the exercise of due diligence for the purpose of serving him personally with summons as required by section 93 of the same code. A distraint proceeding is covered by the provisions of the Political Code, among which we find none binding the Treasurer of Puerto Rico to comply with the requirements of section 94 of the Code of Civil Procedure, as a condition precedent to the validity of the notification of a sale by means of edicts.

For the reasons stated the decision appealed from must be reversed and the registrar ordered to make the cancellation of the *lis pendens* notices as requested in the petition of the appellant.